UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-CV-00325-KKC

ALLTECH, INC.                                                                                                PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

SCOTT DAVID CARTER AND
NOVUS INTERNATIONAL, INC.                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss filed by Defendant Novus International, Inc. Rec. 99. In its motion, Novus asks the Court to dismiss this action for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state claims upon which relief can be granted. Because venue[1] as to Novus is improper in this District, the Court will transfer this action to the United States District Court for the Eastern District of Missouri.

**I.      GENERAL BACKGROUND**

Plaintiff Alltech, Inc. ("Alltech"), is a Kentucky Corporation headquartered in Nicholasville, Kentucky. Second Amended Complaint, ¶ 1. Defendant Scott David Carter ("Carter"), is a resident of Missouri and is currently employed by Defendant Novus International, Inc. ("Novus") at its headquarters in St. Louis, Missouri. Declaration of Carter, ¶¶ 2, 10. Novus is a Delaware corporation with its principal place of business in St. Louis, Missouri. Second

---

[1] The Court recognizes that it should generally decide questions of personal jurisdiction before venue. *See Cameron v. Thornburgh*, 983 F.2d 253, 257 n.3 (D.C. Cir. 1993). However, where sound prudential justifications such as "easier resolution of the case" is provided by first looking at the question of venue, courts may consider venue before considering personal jurisdiction. *Id.*

Amended Complaint, ¶ 6.

Carter was an Alltech employee from December 1, 1998 until May 26, 2006. *Id.* at ¶ 5. On, November 11, 1998, before he began working for Alltech, Carter signed an agreement (the "Proprietary Agreement") prohibiting him from (1) disclosing Alltech's trade secrets and confidential information, and (2) soliciting Alltech's customers for a period of three years after the end of his employment. *Id.* at ¶¶ 19, 25-27. Carter worked at Alltech headquarters in Kentucky from June 2004 until 2006, when he resigned to become Vice President of Research and Development for Freedom Health ("Freedom"). Second Amended Complaint, ¶ 28. Carter worked at Freedom for about fourteen months. He then began working for Novus in September 2007. *Id.* at ¶ 29.

In July of 2008, Alltech filed suit against Carter alleging that he was violating the terms of the Proprietary Agreement by using confidential and proprietary information to compete with Alltech. Complaint, ¶ 23. Alltech also claimed that Carter was tortiously interfering with its business and/or contractual relationships and sought to enjoin Carter from soliciting Alltech customers in areas where he had worked as an Alltech employee. *Id.* at ¶¶ 32-33. This Court entered a temporary restraining order on July 29, 2008. Rec. 5.

On September 15, 2008, Alltech filed an Amended Complaint against Carter. Rec. 27, Amended Complaint. On February 27, 2009 this Court denied Carter's motion to dismiss for improper venue and lack of subject matter jurisdiction. Rec. 48.

On June 24, 2009, Alltech filed a Second Amended Complaint adding Novus as a defendant and seeking relief against it for: (1) intentional interference with contractual relationship by causing Carter to breach the Proprietary Agreement with Alltech; (2) intentional

interference with prospective contractual relationships with Alltech customers by offering to replace Alltech goods with competing Novus goods; and (3) conspiring with Carter to unlawfully and corruptly breach the Proprietary Agreement between Carter and Alltech. Rec. 85, Second Amended Complaint. Novus has filed the instant motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state claims upon which relief can be granted. Rec. 99.

## III. MOTION TO DISMISS FOR IMPROPER VENUE.

### A. Burden of Proof

Neither party has addressed which party bears the burden on a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). As the United States Court of Appeals for the Sixth Circuit has not directly addressed this issue, district courts within this circuit have taken different approaches. *See, e.g.*, *Wax v. Stein World, L.L.C.*, 2008 U.S. Dist. LEXIS 41827, 2008 WL 2227350 at *1 (N.D. Ohio 2008)("the plaintiff bears the burden of proving that venue is proper"); *Kelly Servs. v. Eidenes*, 530 F. Supp. 2d 940, 948 (E.D. Mich. 2008)(movant bears the burden of establishing that venue is improper). Other circuit courts have similarly disagreed about whether the burden to establish that venue is proper should be placed on the plaintiff or the movant. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3rd Cir. 1982)(assigning the burden to movant); *but see Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)(assigning the burden of proof to plaintiff).

This Court has taken the position that because a motion to dismiss for improper venue challenges whether the forum is a fair one for the defendant under the federal venue statute, the defendant bears the burden of proving improper venue. *Long John Silver's, Inc. v. Diwa III, Inc.*,

650 F. Supp. 2d 612, 631 (E.D. Ky. 2009). In this case, there is no reason to depart from prior practice.

**B. Analysis**

In this case, venue is governed by 28 U.S.C. § 1391(a) which provides that an action founded on diversity may:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Here, venue is not appropriate under either 1391(a)(1) or (a)(3) because both defendants do not reside in Kentucky and there is another district, the Eastern District of Missouri, in which the action may otherwise be brought. Thus, venue in this District is proper only if "a substantial part of the events or omissions giving rise to the claim occurred, *or* a substantial part of property that is the subject of the action is situated," in this District. 28 U.S.C. § 1391(a)(2) (emphasis added). In determining whether venue is proper, the issue is not whether this district is the "best" venue, but whether the district has a "substantial" connection to plaintiffs' claims, even if other district have greater contacts. *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).

In an earlier opinion, issued before Novus was named as a defendant, this Court found that venue in the Eastern District of Kentucky is proper as to Defendant Carter. Rec. 48. However, district courts in the Sixth Circuit have recognized that "in cases with multiple defendants, venue must be proper with respect to all defendants." *See Crutchfield v. Santos*,

2007 U.S. Dist. LEXIS 86558 at *2 (W.D. Ky. 2007); *see also Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000). In its motion to dismiss, Novus maintains that venue is improper in this District because none of Novus' alleged wrongful activities took place in Kentucky. Alltech does not dispute this assertion, but maintains that venue is proper because Alltech's "property," which is the subject matter of this litigation is located in Kentucky

There is no authoritative guidance regarding the kinds of property that are encompassed by 28 U.S.C. § 1391(a)(2). The statute simply provides that venue in diversity actions is proper if a "substantial part of the property that is the subject of this action." is located within the court's jurisdiction. While Alltech's claims against Carter lie in contract, Alltech's claims against Novus lie primarily in tort. Therefore, the place of the making of the Proprietary Agreement is irrelevant as to Novus. As to trade secrets or proprietary information, Alltech cites no authority for the proposition that intellectual property has a physical location or that it is the kind of property contemplated by § 1391(a)(2). Finally, Alltech cites no persuasive authority that venue in Kentucky is proper because of the alleged economic impact felt at its corporate headquarters in Kentucky. In fact, in considering diversity actions that lie in tort, other district courts within the Sixth Circuit have subscribed to the view that without more, the suffering of economic harm within a district is not sufficient for purposes of establishing venue in that district. *See, e.g., Kolodziej, v. Gosciak,* 2008 WL 786326 at *6 (W.D. Mich. 2008). This Court concurs. Otherwise, venue would almost always be proper at the place of a plaintiff's headquarters or residence, an option that Congress removed from the diversity portion of the venue statute in 1990.[2]

---

[2] 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3806 (3d ed. 2007).

The Court also rejects Alltech's suggestion that venue is nonetheless properly laid in this district by operation of the "pendent venue" doctrine. The doctrine of pendent venue applies to claims, not parties. Under the doctrine of "pendent venue" federal courts may in their discretion "hear pendent *claims* which arise out of the same nucleus of operative fact as a properly venued federal claim, even if venue of the pendent claim would otherwise not lie." *Hsin Ten Enterprise USA, Inc. v. Clark Enterprises*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000)(emphasis added); *see also Bertz v. Norfolk Southern Ry.*, 2003 WL 21713747 (N.D. Ohio 2003). It is unclear whether the "pendent venue" doctrine should apply in this case, as some district courts have refused to apply the pendent venue doctrine where venue is founded on section 1391(a)(2). *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 525 (S.D. Tex. 2001); *Bearse v. Main Street Investments*, 170 F. Supp. 2d 107 (D. Mass. 2001). Those courts that have applied the "pendent venue" doctrine have done so where a plaintiff has invoked federal courts' federal question jurisdiction, not diversity jurisdiction. *Bond Safeguard Ins. Co. v. LR Buffalo Creek, LLC*, 2009 U.S. Dist. LEXIS 74632 at *42 (W.D.N.C. 2009). Thus while "pendent venue" may be applicable to actions venued under section 1391(b), here jurisdiction is based on diversity and venue is governed by section 1391(a). Alltech has cited no cases allowing an extension of the "pendent venue" doctrine to cases where no federal question is presented and the only properly venued claims are against a different defendant - here Defendant Carter. The Court has determined that venue is improper as to all of Alltech's claims against Novus under section 1391(a). As a result, there are no properly venued claims against Novus to which the "pendent venue" doctrine could attach.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying

venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Accordingly, this Court may (1) dismiss this action; (2) transfer the entire case to another district where venue is proper for all defendants; or (3) sever the claims in the case and retain jurisdiction over those defendants for whom venue is proper and transfer the other claims. *See Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994); *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 813 (E.D. Mich. 2000).

The Court is not inclined to dismiss the action by Alltech against Novus on the issue of venue. Likewise, the Court is not inclined to sever the suit because Alltech's claims against both defendants will involve many common and overlapping facts. It would appear that the majority of these operative facts would have arisen after Carter left Kentucky and began working for Novus at its headquarters. Allowing two trials to proceed would simply double the effort and expense to the parties and the courts. As a result, the Court finds that the interests of justice are best served by transferring this action to the United States District Court for the Eastern District of Missouri, where jurisdiction and venue will properly lie for both defendants and all claims.

For reasons stated above, pursuant to 28 U.S.C. § 1406(a), the Court will transfer this entire action to the United State District Court for the Eastern District of Missouri.

## IV. CONCLUSION

Accordingly, this Court being sufficient advised, **IT IS HEREBY ORDERED** that:

(1) Novus' motion to dismiss for improper venue [Rec. 99] is **DENIED;**

(2) Novus' motion to dismiss for lack of personal jurisdiction [Rec. 99] is **DENIED** as **MOOT;**

7

(3) In accordance with 28 U.S.C. § 1406, this action is **TRANSFERRED** to the United States District Court for the Eastern District of Missouri for further proceedings;

(4) The Clerk of the Court is **DIRECTED** to transfer this matter in accordance with the Court's instructions

This 15th day of March, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge